FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2021 MAR -9 AM 11:01
MARGARET BOTKINS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No. 18-CR-162-ABJ |
| SHAWN LEE WADE, | |
| Defendant. | |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter comes before the Court on Defendant's pro se *Motion for Compassionate Release*. ECF No. 53. Defense counsel supplemented. ECF No. 62. The Government opposes the request. ECF No. 63. Having considered the filings, applicable law, and being otherwise fully advised, the Court finds Defendant's motion should be **DENIED**.

### BACKGROUND

On October 3, 2018, Shawn Lee Wade was charged by information with two counts of receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). ECF No. 29. He pled guilty to one count pursuant to a plea agreement. ECF Nos. 36; 39. On February 5, 2019, the Court sentenced him to 37 months imprisonment and five years of supervised release. ECF Nos. 49; 50. He is currently serving his sentence at FCI Englewood. ECF No. 63 at 2. His projected release date is September 13, 2021, with a home eligibility date of May 25, 2021. *Id.* Mr. Wade seeks compassionate release in light of the coronavirus disease 2019 (Covid-19) pandemic based on his age (51), hypothyroidism, and major depressive disorder. ECF No. 62 at 3.

1

## APPLICABLE LAW

Mr. Wade seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). He bears the burden to establish compassionate release is warranted, and the Court exercises its discretion in ruling on a compassionate release motion. *United States v. Plank*, No. 17-20026-JWL, 2020 WL 3618858, at *1 (D. Kan. July 2, 2020). "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). The First Step Act, § 3582(c) provides in relevant part:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i). Thus, the "compassionate release" provision of § 3582(c)(1) requires the inmate to first make a written request to the warden and either fully exhaust his right to administratively appeal the Bureau of Prison's ("BOP") failure to bring such a motion on his behalf, or allow 30 days to lapse from making the request to the warden, whichever is earlier. *Blackwell*, 81 F.3d at 947–48.

In determining whether compassionate release is appropriate, the Court analyzes whether (1) there are extraordinary and compelling reasons warranting such a reduction, (2) the danger to the safety of any other person or the community if the defendant were released, and (3) whether such

reduction is consistent with applicable policy statements issued by the Sentencing Commission. United States Sentencing Guidelines (U.S.S.G.) § 1B1.13.

The Sentencing Commission has listed four categories of extraordinary and compelling reasons: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons." U.S.S.G. § 1B1.13, cmt. n.1. BOP Program Statement 5050.50 identifies several nonexclusive factors to determine whether "other" extraordinary and compelling reasons exist: the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and "[w]hether release would minimize the severity of the offense." BOP Program Statement 5050.50 at 12 (2019); *see Reno v. Koray*, 515 U.S. 50, 61 (1995) (holding that BOP program statements are entitled to "some deference" when they reflect a "permissible construction of the statute" (quotations omitted)).

The Court looks to the factors laid out in 18 U.S.C. § 3142(g) to determine the danger to the safety of any other person or the community if the defendant was released. U.S.S.G. § 1B1.13. Those factors include the nature of the offense (whether the offense is a crime of violence), the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Finally, to ensure the reduction is consistent with applicable policy statements issued by the Sentencing Commission, the Court is guided by the Commission to weigh, in addition to the criteria above, such as defendant's age and medical condition, the factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13, cmt. n.4. That statute requires a sentence that is sufficient, but not greater than necessary, considering the nature of the offense, history of the defendant, the need

for the sentence imposed, the kinds of sentences available, the applicable sentencing range, any pertinent policy statement, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

## ANALYSIS

Mr. Wade seeks compassionate release based on his age (51), hypothyroidism, and depression. ECF No. 62 at 3. He takes daily medications. *Id.* at 3. Mr. Wade contends his chronic health conditions make him high risk for experiencing complications or dying if he contracts Covid-19. *Id.* He adds he completed over 75% of his sentence. *Id.* at 1. Mr. Wade argues he is a non-violent offender who has not received any disciplinary violations during his incarceration. *Id.* at 2. He has completed several adult continuing education and re-entry courses while incarcerated. *Id.* He states he is not yet eligible for sex offender treatment but would seek treatment if released. *Id.* He would live with his sister or at the Casper Re-Entry Center if released, which has beds available. *Id.* at 3. He secured employment with Altitude Landscaping & Seamless Gutter in Evansville, Wyoming. *Id.* Mr. Wade sought compassionate release from the warden of his facility and fully appealed the denial. ECF No. 53 at 3.

The Government concedes Mr. Wade meets the threshold requirement but argues he does not meet any of the other requirements for compassionate release. ECF No. 63 at 3–4. The Government notes, and the Court agrees, that the CDC does not recognize Mr. Wade's age or medical conditions as risk factors for Covid-19. *Id.* at 8. The Government also notes that currently FCI Englewood only has one active case of Covid-19 among its inmates and none among the staff. *Id.* at 8–9. Because the Court agrees Mr. Wade has not demonstrated extraordinary and compelling circumstances justifying compassionate release, there is no need to

discuss sentencing factors or his release plan. Mr. Wade does not qualify for compassionate release, and his motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court finds Defendant's *Motion for Compassionate Release* (ECF No. 53) is hereby **DENIED**.

Dated this 8th day of March, 2021.

Alan B. Johnson
United States District Judge