# United States District Court
## District of Wyoming

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender

| | |
|---|---|
| Name of Offender: | Shawn Lee Wade |
| Sentencing Judicial Officer: | Alan B. Johnson |
| Date of Original Sentence: | February 5, 2019 |
| Original Offense: | Receipt of Child Pornography |
| Original Sentence: | 37 months imprisonment, followed by 5 years supervised release |
| Type of Supervision: | Supervised Release |
| Date Supervision Commenced: | September 13, 2021 |
| Assistant U.S. Attorney: | David A Kubicheck |
| Defense Attorney: | Dion J. Custis |

Case No.: 18-CR-162-001-J

### Petitioning the Court

☐ To extend the term of supervision   years,   for a total of   years.
☒ To modify the conditions of supervision as follows:

**The defendant shall not access, possess, send or receive any material that depicts sexually explicit conduct as defined in 18 U.S.C § 2256(2)(A) in any format, including but not limited to images, books, writing, drawings, video games, or visual depiction of such conduct as defined in 18 U.S.C. § 2256(5); any material constituting or containing child pornography as defined in 18 U.S.C. § 2256(8), or any material constituting or containing obscene visual representation of sexual abuse of children as defined in 18 U.S.C. § 1466A. The defendant shall not visit bulletin boards, chat rooms, or other Internet sites where any material referenced above is discussed.**

### Cause

According to a Forensic Psychosexual Evaluation completed in 2018, pornography has been a consistent part of the defendant's adult life. Even when he was in a relationship with a satisfying sex life, he usually possessed pornography magazines and video tapes of professional pornography. Possession of adult pornography then progressed to the defendant subscribing to paid sites focused on child erotica which featured non-nude subjects. These paid sites eventually led to the defendant receiving an advertisement for paid hardcore child pornography. This led to the defendant spending approximately $20,000 on hardcore child pornographic material and incurring the instant offense.

In conversations with the supervision officer, the defendant stated watching pornography featuring adults lost its excitement and he would try and find new and different types of pornography that excited and satisfied his sexual interests. This then led to child erotica with clothed children and then ultimately hardcore pornography featuring children.

Throughout his short time on supervision, the defendant has looked at pictures and different shows that featured young females wearing a limited amount of clothing. Specifically young females dressed in leotards, dancing. The defendant has admitted that he has masturbated to this content. The defendant stated he would watch the programs or look at these pictures when he would have a long and/or stressful day.

These behaviors show a lack of impulse control which is similar behavior that lead up to him committing the instant offense, therefore considering the Tenth Circuit's recent decision in *United States v. Koch*, 978 F.3d 719 (10th Cir. 2020), and to satisfy the standards set forth in 18 U.S.C. § 3583(d), the Probation Officer sets forth the following compelling circumstances for the continued imposition of the special condition prohibiting sexually explicit material as detailed above:

*1. The defendant's sexual addiction and deviant behaviors as a gateway to the consumption of child*

Shawn Lee Wade

*pornography* - Investigators found between September 14, 2018, and March 15, 2018, the defendant accessed a website 380 times which contained 80,000 files of child exploitation materials. The defendant recognizes that he reverts to deviant sexual behaviors as an emotional coping mechanism and has admitted his sexual attraction to children and cycle of addiction put him at high risk of re-offending. Furthermore, his sex offender therapist prohibits the viewing of any pornography while in treatment to help the defendant focus on how his sexual addiction led him to viewing child pornography.

2. *The defendant's long-term use of adult pornography* - According to the Forensic Psychosexual Evaluation completed in 2018, pornography has been a consistent part of the defendant's adult life. Even when he had a satisfying sex life, he usually possessed pornographic magazines and videotapes of professional pornography.

3. *The defendant's victim age preference and search terms used to locate pornography* - According to the Forensic Psyshosexual Evaluation completed in 2018, before transitioning to "hardcore child pornography," the defendant subscribed to paid sites promoting child erotica which featured non-nude subjects. Subscriptions to these sites likely led to the defendant receiving advertisements for paid "hardcore child pornography," which led to the conduct in the instant offense. More recently, while on supervised release, the defendant has used the following search terms on the Internet: "young," "girls," "dancing," "children's movies," and "Willy Wonka."

On February 1, 2022, the defendant signed a *Waiver of Hearing to Modify Conditions of Supervised Release*, agreeing to the prohibition of sexually explicit material.

---

I declare under penalty of perjury that the foregoing is true and correct.

_____   3/1/22
Joseph Walton                                Date
U.S. Probation Officer

Approved by: _Angie Miller_
Angie Miller
Supervisory U.S. Probation Officer

---

**THE COURT ORDERS:**

☐ No Action
☐ The extension of supervision as noted above.
☒ The modification of conditions as noted above.
☐ Other

_Alan B. Johnson_                            3/14/22
Alan B. Johnson                              Date
U.S. District Judge



○Probation
◉Supervised Release

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

## Waiver of Hearing to Modify Conditions of Supervised Release Or Extend Term of Supervision

I have been advised by the U.S. Probation Officer that I am entitled to consult with counsel prior to signing this form, agreeing to waiver of a hearing to modify the terms and conditions of my Supervised Release as set forth below. If I cannot afford counsel, I understand the Federal Public Defender's Office may be appointed for the limited purpose of advising me on this matter.

I have also been advised by the United States Probation Officer and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to me if I am not able to retain counsel of my own choosing.

I understand that should the Court concur with the action, I must abide by all the conditions previously imposed during the period of Supervised Release.

I hereby voluntarily waive my statutory right to a hearing and to consultation with and/or assistance of counsel. I also agree to the following modifications of my Conditions of Supervised Release:

The defendant shall not access, possess, send or receive any material that depicts sexually explicit conduct as defined in 18 U.S.C § 2256(2)(A) in any format, including but not limited to images, books, writing, drawings, video games, or visual depiction of such conduct as defined in 18 U.S.C. § 2256(5); any material constituting or containing child pornography as defined in 18 U.S.C. § 2256(8), or any material constituting or containing obscene visual representation of sexual abuse of children as defined in 18 U.S.C. § 1466A. The defendant shall not visit bulletin boards, chat rooms, or other Internet sites where any material referenced above is discussed.

I have read or have had the above read to me and I fully understand it. Having been advised of my rights, I freely and voluntarily give full consent to this proposed action.

Signed: _Shawn Wade_    Date: 02/01/22
Shawn Wade
Defendant

Witness: _[signature]_    Date: 2/7/22
Joseph Walton
U.S. Probation Officer